# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALAN SIERRA, | 1:09-cv-01514-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO JOIN TWO ACTIONS TOGETHER |
| vs. | (Doc. 23.) |
| McGUINNESS, et al., | |
| Defendants. | |

**I. BACKGROUND**

Kenneth Alan Sierra ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On June 11, 2010, Plaintiff filed a motion for joinder of claims and parties. (Doc. 23.) Defendants have not filed a response to the motion.

**II. PLAINTIFF'S MOTION**

Plaintiff moves the Court for "total joinder" of the cause of action in his case 1:07-cv-00149-LJO-GSA-PC-<u>Sierra v. Woodford</u> with the present action 1:09-cv-01514-LJO-GSA-PC-<u>Sierra v. McGuinness</u>. (Motion, Doc. 23 at 1:21.) Plaintiff brings his motion under Rules 18, 20(a), and 21 of the Federal Rules of Civil Procedure, which govern the joinder of claims and parties in one action. However, the relief requested by Plaintiff is better characterized as consolidation of two actions instead of joinder. Consolidation is governed by Rule 42(a), which provides, "If actions before the court involve a common question of law or fact, the court may join for hearing or trial any or all of

the matters at issue in the actions; consolidate the actions; or issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Consolidation may be ordered on motion of any party or on the court's own motion whenever it reasonably appears that consolidation would aid in the efficient and economic disposition of a case. See In re Air Crash Disaster at Florida Everglades on December 29, 1972, 549 F.2d 1006 (5th Cir. 1977). The grant or denial of a motion to consolidate rests in the trial court's sound discretion, and is not dependent on party approval. Investors Research Co. v. United States Dist. Ct., 877 F.2d 777 (9th Cir. 1989); Cantrell v. GAF Corp., 999 F.2d 1007, 1007, 1001 (6th Cir. 1993). In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Plaintiff maintains that both of his cases are based on claims for inadequate medical care in violation of the Eighth Amendment. In joining the claims, Plaintiff seeks to show that the defendants in both actions acted together to violate Plaintiff's rights.

The Court cannot decide the issue of consolidation at this juncture, because there is no operative complaint in this action for the Court to review. On February 2, 2010, Plaintiff's original Complaint was dismissed by the Court for failure to state a claim, with leave to amend. (Doc. 10.) To date, Plaintiff has not filed an amended complaint, despite being granted eight extensions of time. Thus, there is no complaint in this action upon which Plaintiff can proceed. The Court is unable to determine the questions of law and fact in this action, for purposes of Plaintiff's motion, until after Plaintiff has filed an amended complaint for the Court to review. Therefore, Plaintiff's motion shall be denied without prejudice.

**III.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to join together his two actions, filed on June 11, 2010, is DENIED without prejudice.

IT IS SO ORDERED.

**Dated:   January 28, 2011                    /s/ Gary S. Austin**

1                                       UNITED STATES MAGISTRATE JUDGE