# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALAN SIERRA, | 1:09-cv-01514-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING MOTIONS FOR RECONSIDERATION |
| vs. | (Docs. 20, 28.) |
| McGUINNESS, et al., | |
| Defendants. | |

**I.  BACKGROUND**

Kenneth Alan Sierra ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on August 27, 2009.  (Doc. 1.)  On February 2, 2010, the Court issued an order dismissing Plaintiff's Complaint for failure to state a claim, with leave to amend within thirty days.  (Doc. 10.)   On January 27, 2011, the Court granted Plaintiff's seventh request for extension of time, allowing him thirty more days in which to file the amended complaint.  (Doc. 45.)

On June 11, 2010, Plaintiff filed motions for reconsideration of the Court's orders of February 2, 2010 and February 19, 2010.  (Docs. 20, 28.)

**II.  MOTION FOR RECONSIDERATION**

The Court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)

(en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j).

Plaintiff moves the Court to reconsider its order of February 2, 2010 which denied Plaintiff's motions for return of his legal property, and its order of February 19, 2010 which ordered stricken Plaintiff's notice requesting library services and return of his legal property. (Docs. 10, 15.) Plaintiff contends that prison officials are blocking his access to his legal property and to library services, and he argues that these issues are relevant to his case because the prison officials' conduct is affecting his ability to litigate this action.

As Plaintiff was advised in the Court's orders of February 2, 2010 and February 19, 2010, Plaintiff is not entitled to the issuance of any preliminary injunctive relief because there is no case or controversy before the Court at this time. Plaintiff's Complaint was dismissed by the Court for failure to state a claim, with leave to amend, and Plaintiff has not filed an amended complaint despite seven extensions of time. Moreover, Plaintiff was advised that the Court's jurisdiction is limited to the issuance of orders that remedy the underlying legal claim, and Plaintiff's Complaint was based on a claim for inadequate medical care, not for lack of access to property and library services. Plaintiff has not set forth any facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. Therefore, Plaintiff's motions for reconsideration shall be denied.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motions for reconsideration, filed on June 11, 2010, are DENIED.

IT IS SO ORDERED.

Dated:   **January 31, 2011**          **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE